# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

JAKESHA DAVIS,

    Plaintiff,               Civil Action No. 2:10-11403
v.                             HONORABLE BERNARD A. FRIEDMAN
                                 UNITED STATES DISTRICT JUDGE

OFFICER MERLO,

    Defendant,
_____/

## OPINION AND ORDER OF SUMMARY DISMISSAL

### I. INTRODUCTION

The Court has before it Plaintiff Jakesha Davis' *pro se* civil rights complaint filed pursuant to 42 U.S.C.§ 1983.  Plaintiff is a state prisoner currently confined at the Huron Valley Women's Complex in Ypsilanti, Michigan.  Having reviewed plaintiff's complaint, the Court dismisses it with prejudice for failing to state a claim upon which relief can be granted.

### II. STANDARD OF REVIEW

Plaintiff has been allowed to proceed without prepayment of fees. See 28 § U.S.C. 1915(a); *McGore v. Wrigglesworth,* 114 F. 3d 601, 604 (6th Cir. 1997). However, 28 U.S.C. § 1915(e)(2)(B) states:

> Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that:
> (B) the action or appeal:
> (i) is frivolous or malicious;
> (ii) fails to state a claim on which relief may be granted; or

(iii) seeks monetary relief against a defendant who is immune from such relief.

A complaint is frivolous if it lacks an arguable basis in law or fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *see also Denton v. Hernandez*, 504 U.S. 25, 32 (1992). *Sua sponte* dismissal is appropriate if the complaint lacks an arguable basis when filed. *McGore,* 114 F. 3d at 612; *Goodell v. Anthony,* 157 F. Supp. 2d 796, 799 (E.D. Mich. 2001).

To establish a prima facie case under 42 U.S.C. § 1983, a civil rights plaintiff must establish that: (1) the defendant acted under color of state law; and (2) the offending conduct deprived the plaintiff of rights secured by federal law. *Bloch v. Ribar*, 156 F. 3d 673, 677 (6th Cir. 1998)(citing *Parratt v. Taylor*, 451 U.S. 527, 535 (1981)). "If a plaintiff fails to make a showing on any essential element of a § 1983 claim, it must fail." *Redding v. St. Eward*, 241 F. 3d 530, 532 (6th Cir. 2001).

### III. **COMPLAINT**

Plaintiff alleges that she was stopped and arrested for an armed robbery in the City of Eastpointe, Michigan on April 7, 2008. Plaintiff contends that the defendant, a male police officer with the Eastpointe Police Department, violated her constitutional rights by searching her subsequent to her arrest, arguing that as a female suspect she should have been searched by a female police officer. Plaintiff further claims that she was never told that she was formally under arrest

2

and was never informed of the reasons for her arrest until her arraignment. Plaintiff finally alleges that the defendant violated her constitutional rights by taping her without her knowledge or consent. Although plaintiff does not indicate whether she was ultimately convicted of any charges arising from this incident, the Michigan Department of Corrections' Offender Tracking Information System (OTIS), which this Court is permitted to take judicial notice of, *See Ward v. Wolfenbarger,* 323 F. Supp. 2d 818, 821, n. 3 (E.D. Mich. 2004), indicates that plaintiff pleaded guilty to a charge of armed robbery in the Macomb County Circuit Court and was sentenced on October 21, 2008 to three to ten years in prison. OTIS indicates that the date of this offense was April 7, 2008. Plaintiff seeks monetary damages.

### IV. **DISCUSSION**

Plaintiff's complaint is subject to dismissal for several reasons.

Plaintiff first contends that her constitutional rights were violated when she was searched subsequent to her arrest by a male, as opposed to a female, police officer.

A criminal suspect has "no constitutional right to have the pat-down search performed by someone of her own gender." *Caldwell v. Rubbo*, 1 F. 3d 1232 (Table); No. 1993 WL 306052, * 1 (4th Cir. August 10, 1993); *See also Madyun v. Franzen,* 704 F. 2d 954, 957, n. 3 (7th Cir. 1983)(plaintiff "points to no case in which opposite sex frisk searches have been held to violate prisoners' *federal*

3

constitutional rights")(emphasis original). Even the violation of a police department's policy prohibiting male officers from searching female detainees does not automatically result in a constitutional violation and an unreasonable search or seizure. *See Walton v. City of Southfield*, 995 F.2d 1331, 1339-40 (6th Cir. 1993)(summary judgment granted to male officer who conducted search of female suspect), *overruled on other grounds by Saucier v. Katz*, 533 U.S. 194 (2001).

Other cases have reached the same conclusion. *See Ziegler v. Doe*, No. 2003 WL 21369254, at *3 (E.D. Mich. June 11, 2003)("[T]he plaintiff alleges a generalized right to a non-invasive pat-down search by an officer of the same sex, a rule that would not only be impractical, but also has no support in the jurisprudence."); *Wyatt v. Slagle*, 240 F. Supp. 2d 931, 939-40 (S.D. Iowa 2002) (holding that opposite-sex pat-down searches conducted incident to arrest were reasonable under the Fourth Amendment and granting summary judgment for defendant officer in Section 1983 action); *Greiner v. City of Champlin*, 816 F.Supp. 528, 543 (D.Minn.1993)("Plaintiffs do not specifically argue that the method in which [the police officer] conducted the search gave rise to the constitutional violation, but instead implies [sic] that the fact that a male officer rather than a female officer conducted the search means a per se constitutional violation occurred. The Court disagrees."), *aff'd in part, remanded in part on other grounds*, 27 F. 3d 1346 (8th Cir. 1994). This rule has even been applied to arrests

for misdemeanor offenses, as opposed to plaintiff's felony arrest. See *Martin v. Swift*, 781 F. Supp. 1250, 1253 (E.D. Mich.1992)(holding that there is "no question that [the pat-down search of a female arrestee on a misdemeanor by a male officer] would pass constitutional muster" and noting "[t]o find otherwise would require every police car to carry two officers, one male and one female, so that misdemeanants would be searched by officers of the same sex").

In the present case, plaintiff does not allege that Officer Merlo did anything improper during the pat-down search made incident to plaintiff's arrest. Accordingly, she is not entitled to relief on this claim.

Plaintiff next claims that she was never told that she was under arrest nor was she informed of the reason for her arrest until her arraignment.

Neither the Fourth Amendment nor the Sixth Amendment provides an arrestee the right to be informed of the reason for his arrest, for purposes of a civil rights action against police officers. *See Kladis v. Brezek,* 823 F. 2d 1014, 1018 (7th Cir. 1987); *See also Williams v. Schario*, 93 F. 3d 527, 529 (8th Cir. 1996). In addition, the Fourth Amendment does not require arresting officers to expressly state to the defendant that he was under arrest, so long as they have probable cause to make the arrest. *See Rudd v. Graves*, 22 Fed. Appx. 954, 956 (10th Cir. 2001)(*citing Dunaway v. New York*, 442 U.S. 200, 212-13 (1979)). Plaintiff is not entitled to relief on this claim.

Plaintiff lastly contends that the defendant secretly taped her without her

consent or knowledge. The Court assumes that plaintiff is referring to her statement that she made to the police subsequent to her arrest. A criminal suspect has no right not to be videotaped or audiotaped during a custodial interrogation. *See Robinson v. Trast,* 128 F. Supp. 2d 710, 718 (D. Kan. 2001). Recording a police interview on videotape or audiotape without informing a defendant does not automatically render his statement involuntary and inadmissible, where a defendant validly waives his *Miranda* rights. *See Thatcher v. Romanowski,* No. 2005 WL 2033534, * 7 (E.D. Mich. August 19, 2005)(citing *Matthews v. State,* 268 Ga. 798, 800; 493 S.E. 2d 136 (Ga. 1997). *See also Carswell v. State,* 268 Ga. 531, 533; 491 S.E. 2d 343 (Ga. 1997)). Because plaintiff does not allege that her statement to the police was involuntary, she is not entitled to relief on this claim.

The Court will dismiss plaintiff's complaint for failing to state a claim upon which relief can be granted. Because plaintiff's complaint lacks any arguable basis in the law, this Court certifies that any appeal by the plaintiff of the claims raised in this complaint would be frivolous and not undertaken in good faith. *See Alexander v. Jackson,* 440 F. Supp. 2d 682, 684 (E.D. Mich. 2006)(citing 28 U.S.C. § 1915(a)); *See also Goodell,* 157 F. Supp. 2d at 802. Stated differently, it would be inconsistent for this Court to determine that plaintiff's complaint was too frivolous or meritless to be served upon the defendant, yet has sufficient merit to support a determination that any appeal from the Court's order of dismissal would

6

be undertaken in good faith so as to permit such an appeal. *See Anderson v. Sundquist*, 1 F. Supp. 2d 828, 835 (W.D. Tenn. 1998)(citations omitted).

## V. ORDER

Accordingly, it is **ORDERED** that the complaint is **DISMISSED WITH PREJUDICE** for failing to state a claim upon which relief could be granted, pursuant to 28 U.S.C. § 1915(e)(2)(B). Based on the preceding order, this Court certifies that any appeal by plaintiff would be frivolous and not in good faith. 28 U.S.C. § 1915(a)(3).

DATED: May 3, 2010    s/Bernard A. Friedman  
BERNARD A. FRIEDMAN  
UNITED STATES DISTRICT JUDGE

## CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was served upon counsel of record via the Court's ECF System to their respective email addresses or First Class U.S. mail disclosed on the Notice of Electronic Filing on May 3, 2010.

s/Deborah J. Goltz  
DEBORAH J. GOLTZ  
Case Manager